# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Pay Tel Communications, <br><br> Plaintiff, <br><br> v. <br><br> Lattice Incorporated and WiMacTel, Inc., <br><br> Defendants. | C/A: 2:20-cv-02713-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Defendants Lattice Incorporated and WiMacTel, Inc.'s (collectively "Defendants") motion to dismiss for failure to join a necessary party (Dkt. No. 6). For the reasons set forth below, the Court denies Defendants' motion.

## I.     **Background**[1]

Plaintiff Pay Tel Communications, Inc. ("Pay Tel") provides inmate telephone services to confinement facilities throughout the United States. (Dkt. No. 1-1 ¶ 1). On or about August 25, 1995, Pay Tel contracted with the Sheriff of Colleton County, South Carolina, d/b/a the Colleton County Jail to provide such services. (*Id.* ¶ 11). The Inmate Telephone Service Location Agreement ("ITSLA") granted Pay Tel the "exclusive right and license" within the Colleton County Jail to provide inmate telecommunications. (*Id.* ¶ 12).

Under the ITSLA, the Colleton County Jail rented "a portion of the jail to Pay Tel for the purpose of Pay Tel installing and exclusively operating an inmate telephone system." (*Id.* ¶ 13). In return, the Colleton County Jail "was entitled to and did receive monthly lease payments from Pay Tel based on a percentage of revenues generated from inmate telecommunications provided to inmates . . . ." (*Id.*). Around July 1, 2001, Pay Tel executed an addendum to the ITSLA, extending the ITSLA's term from August 25, 2002 through August 25, 2009. (*Id.* ¶ 16). And

---

[1] **In deciding Defendants' motion, the Court assumes the truth of Plaintiff's allegations and draws all reasonable inferences in a light most favorable to Plaintiff, the non-moving party.**

around January 1, 2004, Pay Tel and the Colleton County Jail executed a second addendum whereby, in exchange for Pay Tell installing additional equipment in and providing additional services to the Colleton County Jail, the parties agreed that the ITSLA would renew for successive five year terms, unless terminated in accordance with the ITSLA. (*Id.* ¶ 17). The ITSLA renewed from August 25, 2009 through August 25, 2014 and again through August 25, 2019. (*Id.* ¶ 18).

Around April 2017, however, unbeknownst to Pay Tell, Defendant Lattice Incorporated ("Lattice") "contacted the Colleton County Jail and solicited from representatives of the Jail the ability to provide telecommunications equipment and services to the inmates at the Jail." (*Id.* ¶ 20). At this time, Lattice did not have "a valid CPCN issued by the South Carolina Public Service Commission" although "a valid CPCN issued by the South Carolina Public Service Commission is required as a matter of law prior to providing any inmate phone service or "inmate telephone services." (*Id.* ¶¶ 22-23). Regardless, in April 2017, "without Pay Tel's knowledge, Lattice entered a contract to provide inmate phone service to inmates in the Colleton County Jail on a trial basis and installed certain telecommunications equipment within the Colleton County Jail in furtherance of a plan to convince the Colleton County Jail to cancel its contract with Pay Tel prior to the end of the contractual term." (*Id.* ¶ 25). Subsequently, around July 2017, "Lattice entered into a contract to provide inmate phone service in the Colleton County Jail for an initial two-year term using the previously installed telecommunication equipment within the Colleton County Jail." (*Id.* ¶ 26).

On August 14, 2017 Pay Tel discovered that "Lattice's equipment had been installed" at the Colleton County Jail. (*Id.* ¶ 26). On August 24, 2017, Pay Tel wrote to Lattice and confirmed that Pay Tel was the "exclusive vendor for inmate phone service to" the Colleton

County Jail. (*Id.* ¶ 27). But, on December 20, 2017, the Colleton County Jail directed Pay Tel to remove its equipment, which Pay Tel did immediately. (*Id.* ¶ 30). On or about April 27, 2018, Lattice assigned its contract with the Colleton County Jail to Defendant WiMacTel, Inc. Since that time, Defendants have provided inmate telecommunications services to the Colleton County Jail. (*Id.* ¶¶ 32-33).

On June 18, 2020 Pay Tel filed this action in state court alleging three causes of action against Defendants. Pay Tel brings claims for: (1) tortious interference with contract; (2) violation of the South Carolina Unfair Trade Practices Act; (3) and civil conspiracy. (*Id.* at 6-9). On July 23, 2020, Defendants timely removed this action.

On August 13, 2020 Defendants filed a motion to dismiss for failure to join a necessary party. (Dkt. No. 6). Defendants argue that the Colleton County Jail is a necessary party to this action and that, if the Colleton County Jail is not joined, this action must be dismissed. On September 11, 2020 Pay Tel filed a response in opposition, (Dkt. No. 10), to which, on September 17, 2020 Defendants filed a reply, (Dkt. No. 11). Defendants' motion is fully briefed and ripe for disposition.

**II.    Legal Standard**

Rule 12(b)(7) provides that an action may be dismissed for failure to join a required party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). "The inquiry contemplated by Rule 19 is a practical one" which is left "to the sound discretion of the trial court." *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980). First, the court must determine whether an absent party is "necessary" to the action, as detailed in Rule 19(a). *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). If joinder is necessary, but infeasible, the court must then determine whether the party is "indispensable" under Rule 19(b), such that the action

cannot continue in that party's absence. *See id.* "In general, federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder, and dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *RPR & Assocs. v. O'Brien/Atkins Assocs., P.A.*, 921 F. Supp. 1457, 1463 (M.D.N.C. 1995), *aff'd*, 103 F.3d 120 (4th Cir. 1996).

On consideration of a Rule 12(b)(7) motion, the movant bears the burden of "show[ing] that the [absentee] is needed for just adjudication." *Am. Gen. Life & Accident Ins. Co.*, 429 F.3d at 92 (citation omitted). While all factual allegations in the complaint are accepted as true, and inferences are drawn in favor of the nonmoving party, the court may also consider materials outside the pleadings in making its determination. *See Debbie's Staffing Servs., Inc. v. Highpoint Risk Servs., LLC*, No. 1:17CV657, 2018 WL 6031207, at *2 (M.D.N.C. Nov. 16, 2018).

### III.   Discussion

Joinder of the Colleton County Jail is only necessary if it is a "required" party under Rule 19(a). A necessary party is defined as follows:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a).

Defendants' first argue that the Colleton County Jail must be joined because the ITSLA is "at the core of Pay Tel's complaint." Defendants assert, for example, that for Pay Tel to establish Defendants tortuously interfered with the ITSLA, Pay Tel must prove it had, *inter alia*, a valid contract with the Colleton County Jail that Defendants wrongly procured the breach of. (Dkt. No. 6-1 at 5). Similarly, "Pay Tel's conspiracy claim [against Defendants] requires a showing that the Colleton County Jail was not within its contractual rights to terminate the contract with Pay Tel." (*Id.*). Therefore, conclude Defendants, by not joining the Colleton County Jail:

> Pay Tel is shortcutting its burden of proof on this core allegation by refusing to bring suit against the Colleton County Jail, the only party who is alleged to have actually breached the contract, and who can speak to the relationship with Pay Tel and what it understood at the time it terminated the Pay Tel contract. While testimony can be elicited from the Colleton County Jail, that is not a substitute for the Colleton County Jail having a burden of proof that its termination of the Pay Tel contract was justified. Stated another way, by omitting the Colleton County Jail as a party with a burden of proof, Pay Tel is attempting to transfer that burden of proof to Lattice and WiMacTel.

(*Id.* at 6). Defendants' do not indicate which subsection of Rule 19 this argument implicates. The Court analyzes the above, however, under the assumption that Defendants believe proceeding in the absence of the Colleton County Jail would not allow the "the court [to] afford complete relief among existing parties." *See* Rule 19(a)(1)(A).

The Court finds Defendants' argument unconvincing. To the extent Defendant's above argument is even relevant to a Rule 19 analysis, the Court finds that Pay Tel does not "shortcut" or otherwise diminish its burden of proof because the Colleton County Jail is not jointed here. Whether the Colleton County Jail is a party to this action or not, Pay Tell—*not Defendants*—bears the burden of proof that Pay Tel had a valid contract with the Colleton County Jail, that Defendants procured the breach of or conspired to undermine this contract, and

that the Colleton County Jail's termination of the contract was unjustified. In sum, Defendants' have not met their burden of showing how—in the absence of the Colleton County Jail as a party defendant—this Court cannot provide complete relief amongst the parties.

Second and lastly, Defendants argue that if Pay Tel "were to succeed on its allegation, the WiMacTel contract would be invalidated as it would violate what Pay Tel asserts is an exclusive relationship with the Colleton County Jail" and "Pay Tel . . . would be justified in insisting that the Colleton County Jail permit performance of the contract that will have been judicially determined to have been breached." (Dkt. No. 6-1 at 6). Defendants thus contend that failure to join the Colleton County Jail would "leave [Defendants] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(B)(2).

Again, the Court finds the argument unpersuasive. Pay Tel argues correctly that the complaint does not seek relief which would create inconsistent obligations for Defendants. The complaint "seeks damages strictly from Defendants for Defendants' own conduct, and not CCJ's [the Colleton County Jail's] breach of contract." (Dkt. No. 10 at 5-6). Specifically, "[c]omplete relief can be afforded without CCJ because Plaintiff seeks only monetary damages from Defendants and does *not* seek to enforce the provisions or terms of the contract, nor to revive Plaintiff's former relationship with CCJ or interfere with CCJ's ongoing relationship with Defendants." (*Id.*) (noting "the damages sought by Plaintiff are in the nature of disgorging from revenues wrongfully received by Defendants after displacing Plaintiff's contract, which is substantially different than seeking to obtain damages from CCJ for withholding contractual payments from Plaintiff"). *See Kuhn Const. Co. v. Ocean and Coastal Consultants, Inc.*, 723 F. Supp. 2d 676, 686-87 (D. Del. 2010) (denying defendant's Rule 12(b)(7) motion and noting that

"[b]ecause interference is an independent tort claim, complete relief can be granted by having the allegedly tortious actor in the claim, although the signatory on the contract is not part of the case").

Defendants cite various cases in support of the proposition that a contracting party is the "paradigm" of a necessary party under Rule 19. (Dkt. No. 6-1 at 7). The Court finds, however, that the cases Defendants cite are distinguishable. *See Nw. Fed. Credit Union v. SBC Fin., LLC*, No. 1:16-CV-1299, 2017 WL 7737324, at *4 (E.D. Va. Jan. 18, 2017) (noting that "[t]he Rule 19 inquiry does not turn on whether every signatory to a contract is joined as a party to the lawsuit" and holding that the "simple allegation that Defendants improperly interfered with a contract that [nonparties] signed does not necessarily mean that the [nonparties'] legal interests are implicated in the lawsuit"). Generally speaking, the courts in the cases cited by Defendants required joinder of a nonparty under Rule 19 because, if the court ruled in favor of the plaintiff: (1) a nonparty's rights or obligations under an existing contract would necessarily be implicated; or (2) a defendant would be held liable for contractual breaches committed by a nonparty signatory. Neither scenario is present here.

For example, Defendants cite *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461 (D. Mass. 2011) in support of their argument that the Colleton County Jail is a necessary party to this action. In *Downing*, the State of Massachusetts was found to be a necessary party to a putative class action which alleged violations of federal driver privacy-protection laws. Massachusetts and the defendant had contracted for the defendant to mail out vehicle registration renewal notices along with advertising to owners of motor vehicles on the State's behalf. *Id.* at 463-64. Massachusetts was a necessary party because an adjudication by the court would invalidate Massachusetts' contract with the defendant, as it was the only contract at issue before

the court. *Id.* at 467. Here, by contrast "any determination by the Court that Plaintiff's former contract with CCJ was breached will not affect CCJ's interests in any current contracts it has for telecommunication services. Plaintiff does not seek to invalidate any current telecommunications services that CCJ receives from either Defendant." (Dkt. No. 10 at 9).[2]

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss for failure to join a necessary party (Dkt. No. 6).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

October 9, 2020
Charleston, South Carolina

---

[2] By way of further example, Defendants cite *Gunvar SA v. Kayablian*, 948 F.3d 214 (4th Cir. 2020). In *Gunvar*, the plaintiff sought to impose alter ego liability on the defendants for the acts of a nonparty with regards to a contract entered between the nonparty and the plaintiff. The plaintiff wished to omit the nonparty from its claims because its inclusion would destroy the court's alienage diversity jurisdiction. *Id.* at 220-21. The court found that the nonparty was a necessary party to the action, otherwise liability could be imposed on the defendants for the conduct of the nonparty. *Id.* at 221. As Pay Tel again correctly notes, in this case, Pay Tel "only seeks to impose liability on Defendants for their own conduct, and not for the conduct of CCJ with regards to the former contract entered between CCJ and Plaintiff." (Dkt. No. 10 at 10).